## SERVICE UPON A GARNISHEE

Circuit Court of Cuyahoga County.

ANNA CLARK MURPHY v. THE CLEVELAND & SANDUSKY
BREWING CO. ET AL.*

Decided, December 24, 1904.

*Service—When Non-Resident Defendant Not Subject to Personal Service.*

A civil action against a garnishee under favor of Section 555, Revised
Statutes, brought for the purpose of reaching credits in the
hands of the garnishee, is not an action for the recovery of specific property which would authorize personal service upon a non-resident defendant under Sections 5049 and 5045, Revised Statutes.

WINCH, J.; HALE, J., and MARVIN, J., concur.

In an action by plaintiff against one C. R. Barrett and others, the defendant brewing company was served with garnishee process and answered that it had no property in its possession or under its control belonging to said C. R. Barrett or others, defendants with him in said suit.

Thereupon plaintiff brought this action in the common pleas court against the brewing company, setting forth said attachment proceedings, stating that the brewing company's answer therein was not satisfactory and further alleging that when served in attachment on August 13, 1903, the brewing company had about $300 in its possession and under its control belonging to said debtors. The prayer of the petition was that the brewing company be ordered to disclose truly what if any property or credits of any kind it had in its possession or under its control belonging to said debtors or either of them at the date of the attachment and for judgment for the amount of property and credits of every kind of said debtors, or for what may appear to be owing by the brewing company to them and for such other relief as the court may deem proper.

---

*Affirmed without opinion, *Murphy v. Cleveland & Sandusky Brewing Co.*, 74 Ohio State, 506.

To this petition the brewing company answered, setting forth that on April 10, 1903, 189 shares of its capital stock stood upon its books in the name of C. R. Barrett; that on said day said Barrett was adjudicated a bankrupt by consideration of the United States District Court for the Northern District of Illinois; that by said court on May 14, 1903, the Equitable Trust Company of Chicago was duly appointed trustee of the estate of said C. R. Barrett and qualified as such; that upon the demand of said trustee said 189 shares of stock were transferred to it as trustee. That on August 1st, 1903, a dividend on said stock amounting to $283.50 was declared upon said stock, which amount is still in its possession and control, and that said trustee had demanded said dividend of it. The defendant further answered that at the time of the service upon it of said garnishee process it did not have, nor has it had at any time since, any property of any character in its custody or under its control belonging to any of said debtors.

Thereupon plaintiff filed an amended petition, making the Equitable Trust Company party defendant, setting forth the claim against Barrett and others, the attachment proceedings against the brewing company; its answer in said proceedings that it had no property belonging to the debtors; its answer in this case stating its possession of $283.50, dividend as aforesaid, and the statement that the Equitable Trust Company had demanded said dividend.

The prayer of the amended petition is that said trust company be required to assert its rights to said dividend and to maintain or relinquish the same against the plaintiff or the defendant brewing company, or be barred upon all claims in respect thereto, and for such other relief as the court might deem proper.

Upon this amended petition personal service was made upon the Equitable Trust Company of Chicago, by delivering to its president there copies of the writ and amended petition.

Thereupon the trust company, appearing only for the purpose of the motion and denying expressly the jurisdiction of the court over its person, moved the court to quash the serv-

ice upon it.   This motion was granted, plaintiff excepted and by petition in error brings before this court for review the ruling on said motion to quash, as the only matter for our consideration.

Plaintiff in error contends that the service complained of is authorized by Sections 5049 and 5045 of the statutes.   Section 5049 authorizes personal service out of the state in cases where service by publication may be made.   Section 5045 sets forth nine cases in which services may be had by publication, and counsel claims that this case comes under the fifth paragraph of said section, which reads as follows:

"In actions which relate to, or the subject of which is real or personal property in this state, when a defendant has or claims a lien thereon or an actual or contingent interest therein, or the relief demanded consists wholly or partly in excluding him from any interest therein, and such defendant is a non-resident of the state, or a foreign corporation, or his place of residence can not be ascertained."

It will be noticed that such service may be had only "in all actions which relate to or the subject of which is real or personal property in this state."   That means specific real or personal property.   No specific real property being in issue, the question arises:   does this action relate to, or is the subject of it specific personal property?

We think not.   The action was brought under favor of Section 5551, Revised Statutes, which provides:

"Sec. 5551.   If the garnishee fail to appear and answer, or if he appear and answer, and his disclosure be not satisfactory to the plaintiff   *   *   *   the plaintiff may proceed against him by civil action; and thereupon such proceedings may be had as in other actions, and judgment may be rendered in favor of the plaintiff for the amount of property and credits of every kind of the defendant in possession of the garnishee, and for what may appear to be owing by him to the defendant, and for the costs of the proceedings against the garnishee."

It thus appears that the action is one for damages in which judgment may be rendered against the defendant; it does not

involve the recovery of specific property, but a judgment for the amount of such property and costs. No specific property is mentioned, but a credit on the books of the brewing company is sought to be reached.

The service had in this case was therefore unauthorized, and the objection to it was properly raised by the motion to quash it. *Williams, Adms., v. Walton's Adms.,* 28 O. S., 451-469; *Hinch v. d'Utassy,* 1 O. D., 372. Said motion was properly sustained and the judgment is affirmed.